**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS FERNANDO CUELLAR-QUIJADA,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Civil Action No. 26-1254 (ZNQ)<br><br>**MEMORANDUM OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's challenge to the bond hearing he received pursuant to 8 U.S.C. § 1226(a) before an immigration judge pursuant to an Order of this Court. (ECF No. 5.) The Government filed opposition to the motion, (*see* ECF Nos. 6, 9, 11), to which Petitioner replied. (ECF Nos. 7, 12-14.) For the following reasons, Petitioner's motion shall be denied without prejudice as moot.

By way of background, Petitioner in this matter was taken into custody purportedly pursuant to 8 U.S.C. § 1225(b)(2) based on his having entered the United States without admission or inspection. (*See* ECF No. 1.) This Court, however, determined that Petitioner was instead subject to detention only under 8 U.S.C. § 1226(a), and ordered the Government to provide him with a bond hearing under that statute and its implementing regulations. (ECF No. 2.) A bond hearing was therefore held before an immigration judge, who determined that Petitioner failed to establish that he was likely to appear for future proceedings or removal if granted bond, and was therefore a flight risk. (ECF No. 4-1.) The immigration judge therefore denied bond. (*Id.*)

Petitioner thereafter filed his current motion to enforce judgment, challenging that bond hearing as unfair, largely based on Petitioner's belief that the entire immigration court system was, in his view, untrustworthy, and his belief that the immigration judge who heard his bond hearing issued an unfair decision based on his bond counsel's disagreement with the judge's weighing of the provided evidence and denial of a continuance at the beginning of the bond hearing. (*See* ECF No. 5, ECF No. 5-3.)

During the pendency of his motion, however, Petitioner's appeal of his removal order was dismissed by the Board of Immigration Appeals on March 3, 2026. (*See* ECF No. 11.) Petitioner therefore became subject to an administratively final order of removal and subject to detention under 8 U.S.C. § 1231(a), which mandates the detention of aliens following the issuance of an administratively final order of removal. Although Petitioner filed a petition for review with the Court of Appeals for the Second Circuit and a motion seeking a stay of removal during the pendency of that petition, (*see* ECF No. 13-1), the Court of Appeals has yet to rule on the motion. (*See Lemus-Mejia v. Bondi*, Second Circuit Docket No. 26-770 Docket Sheet.) Petitioner therefore does not currently have a court ordered stay of removal from the appropriate Court of Appeals at this time. (*Id.*)

Where an alien becomes subject to an administratively final order of removal, he shifts from pre-final order detention, such as Petitioner's former detention under 8 U.S.C. § 1226(a), to post-final order of removal detention under 8 U.S.C. § 1231(a), which mandates detention during a 90-day removal period and permits detention beyond that point which is subject to a presumption of validity for at least a six month period. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 699-701 (2001). Any challenge to Petitioner's detention prior to his final order of removal, such as Petitioner's bond challenge in this matter addressed to his detention under 8 U.S.C. § 1226(a)

becomes moot upon the issuance of a final order of removal. *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012). The sole exception to this rule occurs where a final removal order is either judicially stayed by the appropriate court of appeals or overturned by that court of appeals, in which case detention will revert to the pre-final order statute. *See Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012); *see also* 8 U.S.C. § 1231(a)(1)(B)(ii). Only a judicially granted stay or overturning of a final removal order will trigger this shift back to pre-final order detention status; the Second Circuit's "Forbearance Agreement," under which the Government has agreed not to remove alien's while a petition for review and motion for a stay are pending, is not a formal judicial stay and thus does not revert detention to pre-final order status. *See, e.g., Jean A. v. Dep't of Homeland Sec.*, No. 19-13951, 2019 WL 6318305, at * (D.N.J. Nov. 26, 2019); *see also Telson O. v. Nielsen*, No. 19-3351, 2019 WL 4601525, at *3 (D.N.J. Sept. 23, 2019); *Boyd v. Taylor*, No. 17-3284, 2017 WL 4316098, at *2-3 (D.N.J. Sept. 28, 2017); *Jones v. Aviles*, No. 15-4819, 2016 WL 3965196, at *3 (D.N.J. July 21, 2016); *Severin v. Aviles*, No. 15-3711, 2016 WL 1450550, at *2 (D.N.J. Apr. 12, 2016); *Rones v. Aviles*, No. 15-3798, 2016 WL 158521, at *5 (D.N.J. Jan. 13, 2016); *Brodyak v. Davies*, No. 14-4351, 2015 WL 1197535, at *2 (D.N.J. March 16, 2015).

In this matter, Petitioner received a final order of removal when his BIA appeal was dismissed, and he is therefore subject to detention under 8 U.S.C. § 1231(a), and his current bond hearing challenge to his prior detention under 8 U.S.C. § 1226(a) is moot. *Ufele*, 473 F. App'x at 146. Although Petitioner has sought a stay of removal, that motion has not been granted by the Court of Appeals, and he therefore remains detained pursuant to § 1231(a) and his challenge to his bond hearing remains moot unless and until he is either granted a stay or his final removal order is returned. Petitioner's motion (ECF No. 5) must therefore be dismissed without prejudice as

moot at this time. Petitioner is free to file a new habeas petition either challenging his continued detention without removal under 8 U.S.C. § 1231(a) at any time or a petition challenging his pre-final order detention in the event that he is granted a stay of removal by the Court of Appeals for the Second Circuit. An appropriate order follows.

Date: September 10, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**